Green, Judge,
delivered the opinion of the court:
The plaintiff in this case seeks to recover $22,618.63 due as it alleges under a contract for dredging made with the defendant.
It appears that on September 14, 1928, the plaintiff entered into a written contract with the defendant whereby in accordance with certain specifications and drawings plaintiff agreed to dredge certain designated areas in the channel of the Thames River in the State of Connecticut for the consideration of 21.14(4 per cubic yard. Plaintiff proceeded with the work, but left uncompleted the dredging of a part of the channel included in the contract for a distance of about one and one-third miles and refused to proceed any further. The contention of plaintiff was and is that it had completed the amount of work required of it under the contract, but the defendant readvertised for bids on the uncompleted portion of the channel and notified plaintiff and its surety that they would be held for any resulting excess cost. The findings show that there is a balance of $22,618.63 unpaid to plaintiff for the work done at the agreed price under the original contract.
Subsequently, the plaintiff and defendant entered into a new contract whereby the plaintiff was to “ furnish all labor and materials, and perform all work required for the completion ” of the original contract. This second contract plaintiff carried to completion and was paid therefor at a rate which made the cost $14,990.63 more than it would have been at the rate fixed in the original contract. The sole issue in the case is whether plaintiff was justified in withdrawing from the original contract before its completion.
When the plaintiff stopped work under the original contract it had dredged more than ten percent over the estimated quantity of 849,000 cubic yards set forth in the contract specifications, although there remained one and one-third miles to be dredged. The first paragraph of section 13 of the specifications attached to the original contract reads as follows:
“ 13. Quantity of material.- — The total estimated quantity of material necessary to be removed from within the specified limits, exclusive of allowable overdepth, to complete *517 tbe work described in paragraph 2 is 849,000 cubic yards, scow measurement.”
Tbe same section contains a further provision as follows:
“ Within the limits of available funds the United States reserves the right to require the removal of such yardage as will complete the work, be it more or less than the quantity above estimated, and final payment will not be made until the work is so completed.”
For the purposes of the argument we assume that if the first paragraph of section 13 stood alone and unqualified by any further provisions of the same section, then, under the facts above recited, the plaintiff had completed the original contract according to its terms; for while the amount of the work was only estimated the defendant was bound by such estimates within a reasonable and moderate variation according to the nature of the work, which obviously could not be exactly measured in advance of its being done. The case turns on the effect of the paragraph contained in the same section quoted above which contains the words “ more or less.” The plaintiff cites a number of cases, among which is Moore v. United States, 196 U.S. 157, 168, in which the Supreme Court said, quoting from Brawley v. United States, 96 U.S. 168, 172, that—
“ The addition „of the qualifying words, ‘ about ’, 'more -or less ’, and the like, in such cases, is only for the purpose of providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, measure, or weight ”, citing a number of other cases.
Where the words “ more or less ” refer to an area of land conveyed, the contract admits of only a small variation.
The defendant, however, contends that there is an exception to this rule which does not apply where the words “ more or less ” are supplemented by other language directly referring thereto, which has the effect of specifying the meaning in which the words are to be understood. In Brawley v. United States, supra, in discussing the effect of the words “ more or less ”, the court said further:
“ If, however, the qualifying words [more or less] are •supplemented by other stipulations or conditions which give them a broader scope or a more extensive significancy, then *518 the contract is to be governed by such added stipulations or conditions. As, if it be agreed to furnish so many bushels of wheat, more or less, according to what the party receiving it shall require for the use of his mill, then the contract is not governed by the quantity named, nor by that quantity with slight and unimportant variations, but by what the receiving party shall require for the use of his mill; * *
The rule as stated in the Bmwley case has been uniformly followed by this court in many decisions.
We think that this rule applies in the case at bar. The contract having stipulated, “ the United States reserves the right to require the removal of such yardage as will complete the work ”, the words “ more or less ” which follow are given a more extensive meaning than they would have if not used in connection with this stipulation. We think it is very clear that this portion of the contract meant and would be understood as using the words “ more or less ” in their literal sense and not as applying to small variations. The plaintiff must have understood that the defendant wanted the river bed dredged for the entire length planned regardless of the number of yards, especially as the defendant was not paying a lump sum for the contract but paying for the work done on the project by the yard. Moreover, if this-part of the contract is not given this construction it has no meaning whatever, and we are bound to so construe it that it will have some effect if we can do so consistently with the language used and the remainder of the contract.
The defendant will be allowed on its counterclaim the additional cost of completing the contract, amounting .to $14,990.63; and deducting this from the amount unpaid on the work first done, which was $22,618.63, we find that the plaintiff is entitled to recover $7,628.00, for which judgment will be rendered accordingly.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, GMef Justice, concur.