Whitaker, Judge,
delivered the opinion of the court:
On April 28, 1941, the plaintiffs entered into a contract with the defendant for the excavation, grading and drainage for airport runways and appurtenant structures at West Lebanon, New Hampshire. Included in the work to be done was the necessary preparation of the site. Plaintiffs and all other bidders bid separately on the various things to be done. For the preparation of the site the plaintiffs bid a unit price of $100.00 an acre. The Government estimated that it would be necessary to clear 75 acres. It turned out that it was necessary to clear 147.2 acres. Plaintiffs have been paid for the excess acreage over that estimated at the unit price, but claim the right to be paid for the excess on the basis of actual cost. That actual cost was $145,888 per acre, plus overhead and profit.
*56 The work of preparing the site was a very small part of the total work to be done. On the basis of the number of acres which it was estimated it would be necessary to clear, plaintiffs’ bid was $7,500, whereas, the total contract price was $183,263.20.
The specifications, upon the basis of which plaintiffs’ bid was submitted, provided as to quantities of work to be done—
The following estimate of quantities is given only to serve as a basis for the comparison of bids and for determining the approximate- amount of the consideration of the contract. Within the limits of available funds, the contractor shall complete the work specified in Paragraph 1-02 hereof, whether the quantities be more or less than the amounts stated below.
Then followed the 22 items of work to be performed, including that of preparation of site.
It was not possible to determine from the drawings and specifications the number of acres to be cleared. The site consisted of wooded lands, arable lands, and pasture lands on the top of a hill. The amount necessary to be cleared could not be determined without an inspection of the site itself. Such an inspection bidders were required to make by paragraph 15 of the invitation for bids. Plaintiffs made an inspection of the site, but during this inspection did not attempt to determine the amount of the acreage necessary to be cleared.
That the quantities stated were mere approximations was made clear by the specifications attached to the invitation for bids. “The estimate of quantities is given only to serve as a basis for the comparison of bids and for determining the approximate amount of the consideration of the contract.” [Italics ours.] And it was plainly stated that “the contractor shall complete the work specified in Paragraph 1-02 hereof, whether the quantities he more or less than the amoimts stated helowy [Italics ours.] This, together with the requirement that plaintiffs should visit the site, put all bidders on notice that they had to make their own estimates of the number of acres to be cleared.
Paragraph 2-06 clearly states that payment for whatever number of acres were actually cleared should be made “at the *57 contract unit price for Item 1 ‘Preparation of Site.’ ” This reads:
The quantity to be paid for under Item 1 [which was the item for preparation of the site] will be the number of acres prepared as specified above and directed by the contracting officer. Payment for all work in connection with the preparation of the site as above specified, including the loading, hauling, and disposal of the materials, will be made at the contract unit price for Item 1, “Preparation of Site.”
Under the contract plaintiffs were required to clear whatever number of acres it was necessary to clear, and under it they were to be paid therefor the unit price bid by them.
We are of the opinion that plaintiffs are not entitled to recover. Brawley v. United States, 96 U. S. 168; Morris & Cumings Dredging Co. v. United States, 78 C. Cls. 511; Brock, et al. v. United States, 84 C. Cls. 453; Clarke Bros. Construction Co. v. United States, No. 45096, decided January 8, 1945 (103 C. Cls. 57).
Apparently, plaintiffs’ bid for the clearing of the site was too low. The average of all other bids for this work was a little over $204.00 an acre. Plaintiffs bid $100.00 and it actually cost them a little over $145.00, exclusive of overhead and profit. But defendant had the right to demand that plaintiffs do the necessary work at the price bid by them. It required no more of plaintiffs than it had a right to require under the contract and that plaintiffs had reason to believe would be required.
Plaintiffs are not entitled to recover. Their petition will be dismissed. It is so ordered.
MaddeN, Judge; LittletoN, Judge; and Whalet, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.